FILED

IN THE UNITED STATES DISTRICT COURT OF THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION    05 MAR 30 PM 3: 27

LEBERT JOHNSON,

    Plaintiff,

2:05-cv-132-FtM-29DNF

v.    CASE NO.:_____

THE SCHOOL BOARD OF
LEE COUNTY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **LEBERT JOHNSON**, (hereinafter referred to as "Johnson"), an African American male, sues Defendant, **THE SCHOOL BOARD OF LEE COUNTY**, doing business as **THE SCHOOL BOARD OF LEE COUNTY**, (hereinafter referred to as "The School Board of Lee County"), and alleges:

**JURISDICTION:**

1. This Court has jurisdiction over Plaintiffs 42 U.S.C. Section 1981 Claims pursuant to 28 U.S.C. Sections 1331 and 1334.

**VENUE:**

2. Plaintiff is an African American male citizen of the United States and was employed by Defendant, The School Board of Lee County, in Lee County, Florida at all times material hereto.

3. Defendant, The School Board of Lee County, is an employer maintaining offices for the transaction of its ordinary business in Lee County, Florida and regularly employs more than fifteen (15) employees.

4. At all times material, the acts complained of herein took place in Lee County, Florida, therefore, jurisdiction in the Middle District of Florida is proper.

**GENERAL ALLEGATIONS:**

5. Plaintiff, Johnson, was employed by Defendant, The School Board of Lee County.

6. I worked security for The School Board of Lee County for thirteen (13) or fourteen (14) years. The white individuals who worked security were paid more for the same job than I was.

7. For example, Michael Inu, was paid over $12.00 per hour for doing security and I was paid only $11.00 per hour.

8. I had a security license and Mr. Inu did not, but he was paid $1.00 more per hour for his services than I was paid.

9. I did not have a key for all of the facilities, including the bathroom. There was no bathroom provided for me.

10. Mr. Inu (a Caucasian employee) had a key for the bathroom and was able to use it.

11. On October 25, 2000, I filed a charge of discrimination against The School District of Lee County (SDLC) (Charge Numbers A1008E/15L-A1/007) alleging discrimination, harassment and retaliation because of my race (black) and national origin.

12. On November 1, 2001, I filed a second charge (Charge Numbers A2023D/15L-A20022) alleging discrimination because of my national origin and harassment and retaliation for filing my first charge.

13. Since filing my second charge, the retaliation has increased. On March 1, 2002, Mr. Scott (a supervisor) told me that he was working to affect my termination.

14. On March 5, 2002, he presented me with a document that showed that he would not recommend that my contract be renewed for the 2000 - 2003 school year. Because of this, I was forced to retire.

15. Because I had to retire, this decision has cost me substantially in terms of my retirement benefits.

## COUNT I.
## DISCHARGE BASED ON RACE AND VIOLATION OF 42 U.S.C. SECTION 1981

16. Plaintiff reincorporates paragraph 1 through 15 as fully as if re-alleged herein.

17. Plaintiff, as a black or African American employee, had a contractual relationship with Defendant as contemplated by 42 U.S.C. 1981.

18. Defendant terminated Plaintiff in said contractual relationship by forcing Plaintiff to retire. A motivating factor for said instructive termination was due to Plaintiff's race. In terminating such contractual or employment relationship with Defendant on the basis of Plaintiff's race, Defendant has violated 42 U.S.C. Section 1981.

19. Defendant has acted with malice or direct or reckless disregard for Plaintiff's protected rights.

20. As a direct and proximate result of Defendant's violation of 42 U.S.C. Section 1981, Plaintiff has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant for actual and compensatory damages, including past and future pecuniary loss; mental pain and suffering; embarrassment; humiliation, past and future; loss of future earnings; loss of enjoyment of life; inconvenience; back pay, loss of past and future employment benefits such as, but not limited to, salary, bonuses, vacation pay, personal leave pay, health insurance premiums and benefits, and pension contributions. Plaintiff also prays for punitive

damages, reasonable attorney fees and costs of this action to be taxed against Defendant, and an award of all other proper relief this Honorable Court deems just and equitable.

## COUNT II.
## RACE RETALIATION - VIOLATION OF 42 U.S.C. SECTION 1981

21. Plaintiff re-alleges paragraphs 1 through 20 above.

22. Plaintiff made a good faith complaint of race discrimination to his employer. Defendant constructive terminated Plaintiff. In retaliation against Plaintiff for his opposition to unlawful employment practices based on race and color, as more particularly described above, Defendant has violated 42 U.S.C. Section 1981.

23. Plaintiff and Defendant had a contractual relationship.

24. Defendant precluded Plaintiff from performing said contractual relationship because of Plaintiff's opposition to unlawful employment practices based on race and color, as more particularly described above.

25. Plaintiff was unable to enjoy all of the benefits, privileges, terms and conditions of the contractual relationship.

26. Defendant has acted with malice or reckless disregard for Plaintiff's protected rights.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant for actual and compensatory damages, including past and future pecuniary loss; mental pain and suffering; embarrassment; humiliation, past and future; loss of future earnings; loss of enjoyment of life; inconvenience; back pay; loss of past and future employment benefits such as, but not limited to, salary, bonuses, vacation pay, personal leave pay, health insurance premiums and benefits, and pension contributions. Plaintiff also prays for punitive damages, reasonable attorney fees and the costs of this action to be taxed against the Defendant, and an award of all other proper relief this Honorable Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues raised herein.

**DATED** this 30th day of March, 2005.

Respectfully submitted by:

THE LAW OFFICE OF ANGEL & ANGEL
1617 Hendry Street, Suite 405
Fort Myers, Florida 33901
Telephone: 239-334-7677

Ann Poe Angel, Esquire
Florida Bar No.: 051651